Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion filed May 1, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-99-01229-CR

_______________

 

SCOTT EVERETT SIMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On
Appeal from County Criminal Court at Law No. 11 

Harris County, Texas

Trial
Court Cause No. 99-12819

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

O N   R E M A N
D

 

Scott
Everett Sims appeals a misdemeanor conviction for driving while intoxicated (ADWI@) on the grounds that the evidence
was legally and factually insufficient to support his conviction.  On remand,[1]
we affirm.

 








Standard
of Review

When
reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier
of fact could have found the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318-19 (1979); Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).  In
reviewing factual sufficiency, we look at all of the evidence to determine
whether it is so weak as to make the jury verdict clearly wrong and manifestly
unjust or whether the adverse finding is against the great weight and
preponderance of the available evidence.  Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).  A
factual sufficiency review must include a discussion of the most important and
relevant evidence that appellant asserts in support of his complaint on
appeal.  Id. at 603.

Sufficiency
Review

In
this case, the jury was authorized to convict appellant of DWI if it found
that, while operating a motor vehicle in a public place, he did not have the
normal use of his mental or physical faculties by reason of the introduction of
alcohol into his body.  See Tex. Pen. Code Ann. '' 49.01(2), 49.04(a) (Vernon
2003).  In challenging the legal and
factual sufficiency of the evidence, appellant contends that: (1) there was neither
scientific evidence that he was intoxicated nor legally sufficient evidence
that he was impaired by reason of having alcohol in his body; and (2) the controverting evidence, particularly the police audio and
video tapes, showed that he was in full possession of his faculties.

At
trial, the arresting officer, Jonathan Forbes, testified that he was specially
trained, through a DWI certification program, to recognize intoxicated persons
and had previously worked for six to eight months with the DWI enforcement
program.  Forbes witnessed appellant=s vehicle drive straight through a
right turn-only lane, almost striking a curb, then swerve across three lanes to
make a left turn.  Additionally, Forbes
testified that he drove behind appellant, with his emergency lights on and his
horn and siren sounding, for approximately five hundred yards before appellant
stopped.    








After
pulling appellant=s vehicle over, Forbes noticed that appellant=s breath smelled of alcohol and that
his eyes were watery and bloodshot. 
Forbes testified that appellant took several minutes to locate his
driver=s license, even skipping over it
several times while fumbling through his wallet.  Upon exiting his vehicle, appellant used the
roof and door to climb out and then continued to lean on the vehicle.  Forbes testified that upon receiving his
ticket, appellant stated, AWell, a drunk man made a mistake on the policeman=s ticket.@ 
Forbes attempted to administer a horizontal gaze nystagmus
test, but appellant moved his head. 
Further, Forbes testified that he found an open can of cold beer
standing upright on the floorboard under the middle of the bench seat of
appellant=s vehicle.  Forbes testified that based on these facts,
his opinion was that appellant was intoxicated and did not have control of his
mental and physical faculties.  Because a
rational trier of fact could infer from Forbes=s testimony that appellant had lost
the use of his mental and physical faculties by reason of the introduction of
alcohol into his body, the evidence is legally sufficient to support his
conviction.

With
regard to factual sufficiency, Shirley Hardin, a passenger in appellant=s vehicle, and appellant testified
contrary to Officer Forbes.  Hardin said
she never felt that appellant was driving unsafely and denied that he made the
lane-crossing turn or almost hit the curb. 
Additionally, she testified that she never saw appellant place a beer
can in the truck and denied that appellant exited the car with two hands and
hung onto the side of the truck while talking to Forbes.  Further, Hardin claimed appellant=s eyes were bloodshot and watery
because he was allergic to the cats that live at her chiropractic clinic, where
he had picked her up that night.

Similarly,
during appellant=s testimony, he denied that the officer followed him with
emergency lights and siren on or that he exited the car strangely, leaned on
his truck, had difficulty finding his license, or was drunk or impaired at the
time of his arrest.  In addition,
appellant stated he made the statement to the officer about the mistake on the
ticket after the officer accused him of being intoxicated.








In
the audiotape made during appellant=s traffic stop, we hear nothing to
contradict the officer=s observation of alcohol intoxication.  In addition to what the officer testified,
appellant resisted getting out of the vehicle when asked and was
argumentative.  The pace and inflection
of his speech are also abnormal in a way that could readily be associated with
intoxication.  Moreover, a female voice
on the tape, if Hardin, was even more argumentative and less coherent than
appellant and could well have undermined the credibility of her trial
testimony.

In
the video tape at the station, appellant=s speech sounds less impaired than in
the audio tape of the traffic stop, although several of his statements in the
video tape are inaudible.  However,
during the videotape, appellant dropped a sheet of paper while trying to hand
it to the officer, declined to give a breath specimen, and scolded the officer
for arresting him.  If anything, this
evidence also supports appellant=s conviction as much as it refutes
it.

On
balance, although there is conflicting evidence regarding appellant=s condition on the night of his
arrest, it is not so weak as to make the jury verdict clearly wrong and
manifestly unjust, and the adverse finding is not against the great weight and
preponderance of the available evidence. 
Because appellant=s first and second issues thus do not establish that the
evidence is legally or factually insufficient to convict him of DWI, they are
overruled, and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

Judgment rendered
and Opinion filed May 1, 2003.

Panel consists of Justices Edelman, Frost, and Lee
(Senior Justice Norman Lee not participating).

 

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]           The
Court of Criminal Appeals vacated our March 8, 2001 opinion and remanded the
case for discussion in our factual sufficiency review of the evidence that
appellant asserted was the most important in refuting the State=s evidence of guilt. 
See Sims v. State, 99 S.W.3d 600, 601,604 (Tex. Crim. App. 2003).